Michael GALLERANI, Plaintiff

v.

The TOWN OF PLYMOUTH; Eleanor Beth, Individually and as Town Manager; Lee Hartmann, Individually and as Assistant Town Manager; and Kenneth A. Tavares, David F. Malaguti, David J. Rushforth, Christopher R. Lombard, all individually and as members of the Board of Selectmen, Defendants

No. CIV.A. 01–10551–GAO.

United States District Court, D. Massachusetts.

Feb. 14, 2005.

**4**

Katherine R. Bowden, Leonard H. Kesten, Brody, Hardoon, Perkins & Kesten, Boston, MA, for The Town of Plymouth, Christopher Lombard, David F. Malaguti, M.D. David J. Rushforth, Eleanor Beth, Kenneth A. Tavares, Lee Hartmann, Defendants.

Joseph R. Gallitano, Attorney Joseph Gallitano & Associates, Plymouth, MN, for Michael Gallerani, Plaintiff.

Robert M. Mendillo, Mendillo & Ross, LLP, Boston, MA, for Michael Gallerani, Plaintiff.

### MEMORANDUM AND ORDER

O'TOOLE, District Judge.

After obtaining judgment as a matter of law in their favor, the defendants have moved for an award of attorneys' fees, relying on two statutory provisions, 42 U.S.C. § 1988 and 28 U.S.C. § 1927. The plaintiff has opposed the motion. Upon consideration of the parties' submissions, I conclude that the defendants' motion ought to be, and it hereby is, DENIED.

■ A defendant who, like these defendants, has prevailed in an action brought under 42 U.S.C. § 1983 may be awarded attorneys fees pursuant to § 1988 " 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " *Tang v. Rhode Island Dep't of Elderly Affairs*, 163 F.3d 7, 13 (1st Cir. 1998) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)); *see also Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). To judge whether an award of fees to a defendant is warranted, the court must consider more than the fact that the plaintiff ultimately lost the case; the claim must have been frivolous, unreasonable or without foundation at its inception or at some stage of the proceedings prior to the crucial ruling finding the case without legal merit. As the Supreme Court put the matter in *Christiansburg Garment*:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight of claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421–22, 98 S.Ct. 694; *see also Tang*, 163 F.3d at 13.

In the present case, the plaintiff had a genuine real-life grievance—he had been terminated from his municipal position—and sought to obtain some kind of legal

redress for that grievance. As originally filed, his complaint asserted a claim under § 1983, a claim for handicap discrimination under Mass. Gen. Laws ch.151B, § 4, and a number of state common law claims. After discovery and the appearance of new counsel, and with the approval of the court, the plaintiff was permitted to file an amended complaint that set forth somewhat more clearly than the original complaint claims under § 1983 against individual defendants and the Town of Plymouth for denial of equal protection, as well as the claim in the original complaint for handicap discrimination under the state statute.[1] In the same order that permitted the amendment of the complaint, I denied the defendants' motion for summary judgment as to the claims asserted in the amended complaint, concluding that there were material issues of disputed facts that precluded summary judgment. At trial, however, it became clear to me that the plaintiff's proof would, as a matter of law, fall short of what would be required to submit the case to the jury, and accordingly I invited and then granted the defendants' motion for judgment as a matter of law under Fed.R.Civ.P. 50.

As noted, there were two versions of the complaint. No occasion ever arose for a judicial assessment of the viability of the claims as they were expressed in the first version. Before the legal sufficiency of these claims was tested, the plaintiff's new counsel, having conducted his own evaluation of the state of the claims, proffered the amended complaint which eliminated what might have appeared to him to be non-viable claims and presented more targeted, and probably to his judgment, more realistic claims. This kind of self-editing by counsel is to be congratulated, not condemned.

The defendants' summary judgment motion was an occasion for testing the viability of the plaintiff's claims as set forth in the amended complaint. I concluded that there were genuine issues as to facts material to the causes of action and that a trial was warranted. It is hard to see how the plaintiff's pressing forward to trial after such a ruling can be faulted as frivolous.

■ I conclude, therefore, that the defendants have not shown that this is one of the "rare" cases (*Tang,* 163 F.3d at 13) where the standard for awarding fees to a prevailing defendant under § 1988 has been met.

■ The defendants also seek an award of costs and fees against the plaintiff's original attorney under 28 U.S.C. § 1927, which permits the sanctioning of attorneys for abuse of the judicial process. Under § 1927, an attorney who "unreasonably and vexatiously" "multiplies the proceedings in any case" may be required to pay the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To be "vexatious" and thus justify an award under § 1927, an attorney's conduct must be "more severe than mere negligence, inadvertence, or incompetence," although it is not necessary to show that the attorney acted with subjective bad faith. *Cruz v. Savage,* 896 F.2d 626, 632 (1st Cir.1990).

■ To a large extent, the defendants' application under § 1927 simply repeats the arguments made with respect to the § 1988 claim for attorneys' fees—that the

---

1. The amended complaint as first proffered also asserted claims of political affiliation discrimination under § 1983, but since those claims had not been foreshadowed in the original complaint, and since discovery on the claims limned in the original complaint had closed, I concluded that it would be unfair to the defendants to permit the plaintiff at the late stage to inject an entirely new theory into the case, and I denied the motion to amend the complaint insofar as it sought to add the claims presenting the new theory.

plaintiff's claims were wholly baseless and frivolous. They are rejected in this context for the same reasons they are rejected in the other. Beyond that, the defendants' showing in favor of an award of costs is insufficient. They neither point to particular costs that were incurred or inflated by reason of vexatious conduct by the first attorney nor provide a factual basis for concluding that any excess costs were the product of objectively "vexatious" conduct, as distinguished (which it is the defendants' task to do) from conduct that was "merely" negligent, inadvertent, or incompetent.

The defendants' motion for attorneys' fees is denied.